978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee WHITE, Petitioner-Appellant,
v.
Darrell BATSON, Joseph K. Evers, Respondents-Appellees.
 No. 91-16212.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Nov. 9, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 White brought this section 1983 action alleging that his First Amendment rights were violated by officials at the Clark County Detention Center ("CCDC" or "Center") during five days in December 1986 when, while housed in the Center's booking and holding area, he was refused access to letter-writing materials and denied his incoming mail. For the second time, this court addresses itself to the question whether the vindication of these rights requires a trial on the merits. When first we considered the matter, we reversed the district court's grant of summary judgment against White on this claim,[1] concluding that questions of fact regarding CCDC policies and their application to White remained to be resolved. On remand, the district court, after considering additional evidence submitted by the parties, once again entered summary judgment against White. From this order, White now timely appeals. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
 
 
 3
 At bottom, White's claims involve three legal elements: that the CCDC maintained an official policy of denying incoming mail and letter-writing materials to detainees in the booking and holding area; that White was affected by these policies; and that the policies themselves are not "reasonably related to legitimate penological interests," and are therefore impermissible. Thornburgh v. Abbott, 109 S.Ct. 1874, 1876 (1989). To withstand appellee's motion for summary judgment, White was required to adduce evidence which, if accepted by the jury, would be sufficient to establish the first two elements by a preponderance at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If this burden is met, it would still be open to appellee to demonstrate that any infringement of White's First Amendment rights was justified under the Thornburgh test. We consider each of these elements in turn.
 
 
 4
 * To establish the content of official CCDC policy, White adduces a host of affidavits from individuals claiming that, while lodged in CCDC's booking and holding area, they were denied mail and letter writing materials, or were told by corrections officers that detainees in that area could not receive or send mail. He also points to a grievance form he filed with the CCDC, on which one of the corrections officers, in the space reserved for a statement of how the grievance had been resolved, wrote: "No one is allowed any writing materials while in booking, but are once moved to intake."
 
 
 5
 The thrust of appellee's response is that official CCDC policy does provide for delivery of mail to detainees in the booking and holding area and does permit such detainees access to writing materials on request. The evidence to support this position consists of the Center's written Standard Operating Procedures ("SOPs") and the affidavit of its Assistant Director, Paul Martin. The SOPs do not specifically address the question whether detainees in the booking and holding area may receive mail or whether their requests for writing materials are to be granted. The Martin Affidavit attempts to fill this gap, declaring that the SOPs are applied to detainees in booking and holding just as to other inmates or detainees. The affidavit then goes on to explain what the Center's standard procedures are in these matters.
 
 
 6
 It appears that the district court simply credited the evidence presented by appellees to the exclusion of White's evidence of what official CCDC practice really is. While we understand why the district court would find appellee's evidence the more persuasive, neither that court nor this one is entitled to make judgments about credibility or to resolve genuinely contested matters on a motion for summary judgment. Considering the evidence, as we must, in the light most favorable to White's cause, we cannot say that a reasonable jury could not find that, as a practical matter, the CCDC maintains an official policy of denying letter-writing materials and incoming mail to detainees in booking and holding. Summary judgment thus cannot be justified on this ground.
 
 II
 
 7
 White's evidence for the fact that he was injured by the policies of which he complains is undeniably weak. With respect to the refusal to deliver his incoming mail, White relies entirely on the affidavit of his ex-wife who swears that she addressed a birthday card to White at the Center on December 7, 1986, which was returned several days later marked "unknown." White has not, as the district court noted, produced the returned letter for inspection.
 
 
 8
 In response, however, appellee offers even less: the Martin Affidavit states that no one at CCDC could recall a birthday card ever arriving for White while he was in holding. Otherwise, appellee advances only a series of arguments that might lead a jury to conclude that White has failed to prove injury in fact--for example, that White has done nothing to rebut the possibility that the post office, rather than CCDC, was at fault here, and that White's ex-wife may have been confused about the relevant dates. Such arguments count for nothing at the summary judgment stage, however. A jury could choose to believe White's proffered evidence and so conclude that a birthday card was sent to White which CCDC officials refused to deliver. On the state of this record, this presents a genuine issue of fact.
 
 
 9
 As to the claimed denial of writing materials, White has little more than his own allegations to rest upon. Again, however, appellee has offered nothing in response except the Martin Affidavit, according to which no one at CCDC "was aware of any instance where [White] requested a pencil and paper ... while he was located" in booking and holding. On summary judgment, and, indeed, at any stage of the proceedings, this could hardly be conclusive.
 
 III
 
 10
 The strongest reason in support of summary judgment here, and the reason ultimately advanced by the district court, is that, even if everything he alleges is true, White has suffered no constitutional deprivation sufficient to support a section 1983 action.
 
 
 11
 The problem is that appellee manifestly failed to appreciate the nature of the case it was called upon to make. The touchstone here is the requirement that CCDC policy be "reasonably related to legitimate penological interests." Thornburgh, 109 S.Ct. at 1876. Appellee argues that CCDC's official policy, as set forth in the SOPs and in the Martin Affidavit, satisfies this requirement. Unfortunately, this is irrelevant to the issue on appeal here, i.e., whether summary judgment could be granted at this stage of the proceedings. It has not yet been established that CCDC policy really is what the SOPs and the Martin Affidavit suggest. Indeed, White claims that, notwithstanding any written statements and official disavowals, the Center's real policy is to deny detainees in booking and holding incoming mail and letter-writing materials. On a motion for summary judgment it is surely illegitimate to take as given precisely what the opposing party most vigorously disputes, and then examine from that vantage point whether a constitutional violation has been shown.
 
 
 12
 Given the state of the record, appellee could prevail only by predicating its constitutional arguments on the assumption that the CCDC does not deliver incoming mail to detainees while temporarily lodged in the booking and holding area, and does not provide writing implements to detainees for so long as it takes to process them after arrival. Appellee would then have been in a position to identify the valid penological purposes that might be served by such a (hypothetical) policy, and to explain why that policy could be a reasonable means to those ends, and otherwise meets the test propounded in Thornburgh. Having done this, appellee would have shown that, even if the facts proved to be as White alleged, those facts would not add up to an unconstitutional infringement of rights.
 
 
 13
 As it is, this case has not been made. We are sympathetic to the efforts of the district court to read between the lines of appellee's presentation in order to find the necessary argument, but we are ultimately persuaded that, on this record, such efforts are unavailing.
 
 IV
 
 14
 There remain genuine issues of material fact in this case, and we cannot say as a matter of law that White has suffered no unconstitutional deprivation of rights. The district court's grant of summary judgment is therefore REVERSED and the case REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We affirmed summary judgment against White in other respects. See White v. Batson, No. 89-15689 (9th Cir. July 11, 1990)